## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

L<small>A</small>D<small>ONNA</small> S<small>UE</small> C<small>ARTER</small>                                                   P<small>LAINTIFF</small>

v.                                                                                    N<small>O</small>. 4:23-cv-30-BJB

J<small>EREMY</small> L<small>OGSDON</small>                                                          D<small>EFENDANT</small>

\* \* \* \* \*

### O<small>RDER</small> A<small>DOPTING</small> R<small>EPORT</small> & R<small>ECOMMENDATION TO</small> D<small>ISMISS</small>

Plaintiff LaDonna Carter, proceeding *pro se*, brought this lawsuit against Jeremy Logsdon in his capacity as Grayson County Attorney, alleging a violation of her First Amendment rights. *See* DN 1 at 5. The Court generously construed her allegations as a cognizable claim that a state actor suppressed her ability to speak to and petition government officials. *See* Opinion & Order (DN 17) (denying motion to dismiss). But then Carter apparently decided that she couldn't or wouldn't pursue her case. Due to her repeated noncompliance with court orders, Magistrate Judge Brennenstuhl issued a Report and Recommendation recommending dismissal of the complaint with prejudice under F<small>ED</small>. R. C<small>IV</small>. P. 41(b). DN 39. Carter objects to dismissal, alleging (without support) that the Magistrate Judge is biased against her, the Magistrate Judge violated the First, Sixth, and Seventh Amendments to the U.S. Constitution, and the Court gave insufficient consideration to the role her health difficulties played in this litigation's pursuit (or lack thereof). DN 40. She also seeks reassignment to a different magistrate judge. *Id*. After reviewing the record and conducting a *de novo* review of her objections, the Court agrees with the Magistrate Judge's recommendation and dismisses the action.

The Court previously referred this matter to Judge Brennenstuhl for pretrial rulings. DN 6 (citing 28 U.S.C. § 636(b)(1)(A)). Despite numerous accommodations of her self-representation and health-related requests, Carter has persistently failed to comply with straightforward court orders, repeatedly sought reassignment to a different judge (citing—without explanation—the Sixth and Seventh Amendments), refused to participate in scheduled proceedings, submitted improper filings, and directed abusive communications to court personnel.

Rule 41(b) permits dismissal of a case when a plaintiff fails to comply with court orders. Dismissal with prejudice is warranted when "a clear record of delay or contumacious conduct" exists and "a lesser sanction would not better serve the

interests of justice." *Consolidation Coal Co. v. Gooding*, 703 F.2d 230, 232–33 (6th Cir. 1983) (citation omitted). "Contumacious conduct refers to behavior that is 'perverse in resisting authority and stubbornly disobedient.'" *Carpenter v. City of Flint*, 723 F.3d 700, 704–05 (6th Cir. 2013) (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)).

The Court agrees with Judge Brennenstuhl that Carter's conduct amounts to contumacious disregard meriting dismissal under Rule 41(b).

Carter failed to participate in multiple scheduling conferences—despite this Court's ruling in her favor when it denied the Defendant's motion to dismiss and allowed her First Amendment claim to proceed. Carter nevertheless repeatedly sought continuance of the Rule 16 scheduling conference.[1] *See* Motion to Stay Scheduled Conference (DN 25); Motion for Continuance (DN 28); Motion to Continue Scheduling Conference (DN 30); Motion to Continue Telephonic Conference (DN 33); Telephonic Status Conference Order (DN 36). She later emailed court staff to declare that she wouldn't participate in the rescheduled telephonic conference—even though it was held in this manner to accommodate the health concerns she had expressed. 7/29/24 Email (DN 39-2). The Magistrate Judge tried to conduct the rescheduled status conference by phone, but Carter did not answer the call. R&R at 3; Text Order (DN 32).

Carter also refused to comply with litigation rules and deadlines. She rejected the Defendant's proposed Rule 26(f) discovery plan but made no counterproposal. *See* DN 27. She prematurely filed discovery requests before any scheduling order had been entered, despite being advised that discovery had not yet commenced. *See* Interrogatory (DN 22). And she continued to file motions and objections under the mistaken belief that doing so stayed proceedings, even after the Court clearly advised her otherwise. *See* Telephonic Status Conference Order at 6 ("Neither the civil rules

---

[1] Carter has made various vague claims regarding her health and repeatedly insisted that her husband be permitted to represent her *pro se*. *See, e.g.*, Objection to Order (DN 26) at 1 ("The reason I need my husband to assist me is because of my health. The Defendant in the above case, Jeremy Logsdon, caused me to have a nervous breakdown that I have not recovered from. I am under doctor's care and taking medicine."); Motion for Continuance (DN 28) at 1 ("The Plaintiff is also under Doctor's care and is unable to travel at this time."); Objection to Memorandum & Order (DN 35) at 2 ("The Plaintiff is under Doctor's care and the Plaintiff has had a Nervous Breakdown because of the actions by the Defendant. The Plaintiff asks that her husband be allowed to be her assistant and to be able to speak on her behalf during the above lawsuit."). The Court rejected these requests, repeatedly explaining that non-lawyers have a right to represent and speak on behalf of themselves—but not others—in federal court. *See* Order re Notice of Assistance (DN 23); Order Denying Motion for Continuance (DN 34).

2

nor caselaw permit a litigant to unilaterally announce that the litigant will not appear at a hearing because it is inconvenient or until a pending motion is ruled upon. The filing of an objection to an Order does not stay the proceedings."); Motion to Reassign Case (DN 37).

Further, Carter—both personally and through her husband—directed inappropriate communications to court staff and openly declared her refusal to comply with judicial orders. She sent a series of inappropriate and abusive emails to the Judge Brennenstuhl's case manager. *See* April and June 2023 Emails (DN 36-1).[2] And Carter and her husband left voicemails with the clerk's office indicating her refusal to participate in scheduled hearings, *see* R&R at 2–3, as well as emails declaring that she had "no intention of participating" in the court-ordered July 30 conference, *see* 7/29/24 Email, or proceedings with Judge Brennenstuhl, *see* July 2024 Emails (DN 39-1).[3]

Because Carter has exhibited a sustained pattern of contumacious conduct, the Court agrees with the Magistrate Judge that "[d]ismissal is appropriate," and "no lesser sanction … would better serve the interests of justice." R&R at 4. Carter has ignored repeated warnings and demonstrated no willingness to follow the basic procedures required to prosecute her case—despite the Court's explicit warning that "[f]ailure to respect" orders, deadlines, hearing dates, and other requirements in this case "may result in sanctions or dismissal." Order (DN 38) at 3.

In her objection, Carter reasserts her request for case reassignment and argues that she has not deliberately delayed proceedings. But her objection does not identify any legal or factual error in the R&R, nor does it excuse her failure to comply with multiple court directives. The Court has considered her *pro se* status and health-related explanations but concludes, like the Magistrate Judge, that continued noncompliance warrants dismissal.

## ORDER

The Court overrules Carter's objections (DN 40) and adopts the report and recommendation (DN 39). The Court therefore dismisses the case with prejudice under FED. R. CIV. P. 41(b) and strikes it from the active docket.

---

[2] *See, e.g.*, April and June 2023 Emails (DN 36-1) at 1 ("[P]lease tell judge get his sorry ass ready to testify in front of supreme court."); *id.* at 2 ("Dirty son of bitch"). A voicemail left with the District Judge was even more inappropriate.

[3] *See, e.g.*, July 2024 Emails (DN 39-1) at 1 ("We are not moving forward with this judge."); *id.* at 2 ("I will not participate in any hearing until a new judge is appointed[.]"); *id.* at 3 (Judge Brennenstuhl "needs to resign immediately[.]").